**Edyard KARAPETYAN, a.k.a. Sergey Yazichyan, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 04–70747.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2006.**

Decided Feb. 17, 2006.

Artem M. Sarian, Esq., Glendale, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard T. Morrison, US Dept. of Justice, Civil Division, Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM ***

Edyard Karapetyan ("Karapetyan") petitions for review of the Board of Immigration Appeals' (BIA's) denial of his applications for asylum and withholding of removal. An asylum applicant must demonstrate an inability or unwillingness to return to the country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). In addition, the persecution must be inflicted by the government or a group the government is unable or unwilling to control. *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997).

Even assuming Karapetyan's testimony to be credible, substantial evidence supports the BIA's denial of his application. Karapetyan testified that he had been kid-

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

napped and stabbed by a group of "hooligans and criminals" who wanted him to call his family in the United States and ask for money, and that he was eventually released when he promised to pay them. His testimony does not compel the conclusion that he was persecuted "on account of" a protected ground, as there was no testimony suggesting the extortion was motivated even in part because of imputed religious belief. *See id.* at 1489–91.

In addition, Karapetyan did not report the incident to the police or otherwise seek assistance from the government. Substantial evidence supports the BIA's conclusion that Karapetyan did not establish that the "hooligans and criminals" were acting in connection with the government, or a group that the government was unable or unwilling to control. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir.2004) ("[I]solated criminal acts perpetrated by anonymous thieves do not establish persecution."); *see also Singh v. INS,* 134 F.3d 962, 970 (9th Cir.1998) (rejecting asylum claim where alien "ha[d] not established that the burglary was anything more than random street crime.").

Having failed to satisfy the burden of proving eligibility for asylum, Karapetyan necessarily fails to meet the higher and more stringent burden for withholding of removal. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION DENIED.**